IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TOMMY DEWAYNE HALL                                                              PLAINTIFF

VS.                             Civil Case No. 05-4043

SHERIFF H.L. PHILLIPS; JEFF
BLACK; and TERRY PORTER                                                      DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed June 14, 2006 by the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas. (Doc. 31). Plaintiff Tommy Dewayne Hall has timely filed his objections to the Report and Recommendation. (Doc. 34). After reviewing the record *de novo*, the Court adopts the Report and Recommendation as its own.

## BACKGROUND

Plaintiff Tommy Dewayne Hall brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 to complain of his treatment while incarcerated at the Miller County Jail. Specifically, plaintiff contends that defendants violated his federal constitutional rights through the: (1) unsafe conditions at the Miller County Jail caused by a leaking water sprinkler; (2) denial of adequate medical care; (3) interference with plaintiff's legal mail; (4) failure to protect plaintiff from attack by a fellow inmate; and (5) false arrest and false imprisonment of plaintiff on failure to appear charges in April and June of 2003. Defendants filed a Motion for Summary Judgment on February 14, 2006. (Doc. 22). The plaintiff, by way of questionnaire, responded to defendant's Motion for Summary Judgment on April 17, 2006. (Doc. 30).

Plaintiff was booked into the Miller County Jail on August 27, 2004 and remained there until October 27, 2005. Plaintiff was incarcerated because of pending criminal charges and because of a probation revocation. During his incarceration, plaintiff slipped and fell on some water that had leaked from a faulty water sprinkler. The fall caused plaintiff to suffer constant spinal pain, headaches and blurry vision. Plaintiff's spinal pain also makes walking difficult at times. Plaintiff was taken to Wadley Regional Medical Center following his fall where he was x-rayed for broken bones. Plaintiff was prescribed Tylenol #3 for his pain, which he claims to have never received. Plaintiff eventually received Ibuprofen after repeated requests. Plaintiff is currently being treated at the infirmary at the Arkansas Department of Correction for his pain.

Plaintiff also complains that prison officials withheld his legal mail and opened it before giving it to him. Plaintiff complained on several occasions that his mail had been held and opened, nearly causing him to miss court deadlines.

Plaintiff was attacked by a fellow inmate while incarcerated. The attack occurred while plaintiff was in the medical pod, which was to be restricted to only those inmates on medication. Plaintiff's attacker was not on medication. Plaintiff's attacker had not threatened him in any way prior to the attack. Plaintiff complained of further spinal pain as a result of the attack.

Plaintiff also complains that he was twice falsely arrested and falsely imprisoned on a failure to appear charge. The failure to appear charge, on which the arrest warrant was issued, was later dropped.

## DISCUSSION

First, Judge Shepherd construes plaintiff's response to the summary judgment motion as amending his complaint to assert claims against defendants both in their individual and official

capacities. Normally, when the plaintiff fails to state whether he is suing an official in his individual capacity, Eighth Circuit courts construe the claim to be against the official in his official capacity only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). However, Judge Shepherd recommends that this rule of construction yield to the overriding interest in liberally construing *pro se* complaints. *See, e.g., Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). Here, plaintiff is incarcerated and appearing in this matter *pro se*. Thus, the Court agrees with Judge Shepherd that plaintiff's response to the Motion for Summary Judgment should be deemed to amend his complaint to assert claims against defendants in both their individual and official capacities.

Second, Judge Shepherd recommends that Sheriff H.L. Phillips is entitled to summary judgment with respect to all claims. In plaintiff's questionnaire response to the summary judgment motion, he admits that he never personally spoke to or communicated with Sheriff Phillips about the conditions at the jail, his requests for medical treatment, or the attack by fellow inmate. Now, in his objections to Judge Shepherd's Report and Recommendation, plaintiff claims to have spoken to Sheriff Phillips before he went to the hospital. The Court finds this assertion in plaintiff's objections unpersuasive. In any event, the Court agrees with Judge Shepherd that Sheriff Phillips is entitled to summary judgment in his favor with respect to each of plaintiff's claims. Supervisors may not be held liable in *respondeat superior* for constitutional violations under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Plaintiff does not contend that Sheriff Phillips participated in any of the alleged constitutional violations, and the record in this case is devoid of any suggestion of a custom or policy of the Miller County Jail on which Sheriff Phillips could be held liable.

Third, Judge Shepherd believes that defendants are entitled to summary judgment with respect to the unsafe conditions claims, the interference with legal mail claims, the failure to protect claims, and the false imprisonment and false arrest claims. Plaintiff's allegations of unsafe conditions at the Miller County Jail sound in the Eighth Amendment, which requires that plaintiff allege "deliberate indifference" on the part of prison officials towards conditions at the prison that create a "substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Here, prior to his fall, plaintiff had never complained of water leaking from the sprinkler system, nor is he aware of any other inmate so complaining. The record is devoid of indication that defendants were aware of the condition of the sprinkler or that they were aware of a substantial risk to detainees posed by the leaking sprinkler. Thus, the Court agrees with Judge Shepherd that no genuine issues of fact exist with regard to this claim, and that defendants are entitled to summary judgment with respect to this claim.

Plaintiff's allegations of interference with his mail raise First Amendment issues. In the context of a prison, the First Amendment is only offended by regular and unjustifiable interference with an inmate's ability to send and receive mail–isolated incidents of mail tampering are insufficient to establish a constitutional violation. *Davis v. Goord*, 320 F.3d 346, 351 (2d. Cir. 2003). Here, the plaintiff complains of one specific incident of mail tampering, and notes, without detail, some subsequent interference. In such a scenario, plaintiff's claims do not rise to the level of "regular and unjustifiable," and the record does not indicate that the named defendants were responsible for the alleged interference with plaintiff's mail. Therefore, the Court agrees with Judge Shepherd that no genuine issues of fact exist with regard to this claim.

Plaintiff's allegations of failure to protect from other inmates sound in the Eighth

Amendment. To prevail on this claim, plaintiff must show that his incarceration with his attacker posed a substantial risk of serious harm and that the defendants knew of and disregarded an excessive risk to plaintiff's safety. *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003). Here, plaintiff's attacker had never previously threatened him prior to the attack. The attacker did not have a previous history of violent attacks on other inmates. None of plaintiff's allegations regarding the failure to protect claim rise to the level of deliberate indifference on the part of defendants. Thus, the Court agrees with Judge Shepherd that no genuine issues of fact exist with regard to this claim.

Plaintiff's allegations of false arrest and false imprisonment sound in the Fourth Amendment. A facially valid arrest warrant, insulates officers from claims of false arrest, unless a reasonably well-trained officer would have known the arrest warrant is invalid. *Mendenhall v. Riser*, 213 F.3d 226, 231 (5th Cir. 2000). Here, plaintiff has not alleged any facts that suggest the arrest warrant was invalid. Plaintiff has also failed to allege any connection between the named defendants and the securing of the arrest warrant for his arrest. Thus, the Court agrees with Judge Shepherd that defendants are entitled to summary judgment with respect to the false arrest and false imprisonment claims.

Finally, Judge Shepherd believes that genuine issues of fact exist with respect to plaintiff's claim that he was not provided adequate medical care. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Failure to treat medical conditions does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created excessive risk to the inmate's

health and then failed to act on that knowledge. *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). Here, plaintiff alleges that he was not provided with the prescription medication ordered by the hospital following his slip and fall, nor did he receive necessary follow-up care. Plaintiff has repeatedly submitted grievances complaining of back and neck pain and stiffness following the slip and fall and the attack. Therefore, the Court agrees with Judge Shepherd that genuine issues of material fact exist as to whether Defendant Porter and Defendant Black were deliberately indifferent to plaintiff's serious medical needs.

## CONCLUSION

For the above-stated reasons, the Court finds defendant's Motion for Summary Judgment should be and hereby is **granted in part** and **denied in part**. Plaintiff's claims of unsafe conditions, interference with mail, failure to protect from fellow inmates, and false arrest and false imprisonment are hereby **dismissed** with prejudice. Plaintiff's claim for denial of adequate medical care may proceed.

IT IS SO ORDERED, this 2nd day of August, 2006.

                                            /s/Harry F. Barnes
                                           Hon. Harry F. Barnes
                                           United States District Judge