IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TOMMY DEWAYNE HALL                                                       PLAINTIFF

VS.                                 Civil Case No. 05-4043

JEFF BLACK and
TERRY PORTER                                                   DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed September 22, 2006 by the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas. (Doc. 53). Plaintiff Tommy Dewayne Hall has timely filed his objections to the Report and Recommendation. (Doc. 54). Judge Shepherd held an evidentiary hearing on September 7, 2006. After reviewing the record *de novo*, the Court adopts the Report and Recommendation as its own.

BACKGROUND

Plaintiff Tommy Dewayne Hall brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 to complain of his treatment while incarcerated at the Miller County Jail. Hall initially asserted a variety of claims, but this Court granted summary judgment (Doc. 35) in favor of Defendants on all claims except failure to provide medical treatment.

Hall's injuries arise from a slip and fall accident at Miller County Jail on January 4, 2005. That same day, Hall was taken by stretcher to the hospital for x-rays and an MRI, neither of which revealed any serious injury. Notes taken by the emergency room doctor indicated that "it didn't appear that Hall had a serious injury" and that Hall was "able to get up, ambulate without any problems." (Doc. 53, pg. 7). An emergency room doctor prescribed Hall Tylenol #3. It is undisputed that Hall never received this medication. Jeff Black, then administrator of Miller County

Jail, testified at the evidentiary hearing in this case that Tylenol #3 is a narcotic medication, and jail policy discourages the administration of narcotic pain medication "unless the doctor can't write another prescription that will relieve pain." (Doc. 53, pg. 8). Instead, Dr. Stringfellow prescribed extra strength Tylenol, 500 mg, for Hall's back and neck pain.

During a shakedown at Miller County Jail, jailers confiscated from Hall a bag of prescription strength medication, Ibuprofen 600 mg. Black considered filing charges against Hall for possession of prescription medication inside the jail. Despite Hall's frequent complaints about his back pain, Black further testified at the hearing that Hall was not taking the medication given to him.

## DISCUSSION

Cognizable claims for inadequate medical care in prison require "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A plaintiff here must demonstrate (1) that he suffered from objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). Additionally, prisoners must show "more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Jolly*, 205 F.3d at 1096 (*quoting Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995)).

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L.Ed. 2d 156 (1992). "A medical need is serious if it is obvious to the layperson or supported by medical

evidence." *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir. 1997). Failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge. *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). In *Dulany v. Carnahan*, 132 F.3d 1234 (8th Cir. 1997), the Eighth Circuit wrote:

> As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment. Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976). Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation. *Id.* at 106, 97 S. Ct. at 292.

*Dulany*, 132 F.3d at 1239; *see also Tlamka v. Serrell*, 244 F.3d 628, 633 (8th Cir. 2001).

In his Objections to the Report & Recommendation, Hall argues that evidence presented at the evidentiary hearing satisfies the deliberate indifference standard, and that, in his case, "neglect is evident." (Doc. 54, pg. 1). The Court cannot agree. Hall received prescription strength pain reliever, Ibuprofen 600 mg., while incarcerated at Miller County Jail. Dr. Stringfellow prescribed Ibuprofen to Hall instead of Tylenol #3, which Hall was initially prescribed, because of the jail's policy against narcotic pain medication. Hall's disagreement with this decision does not rise to an actionable Constitutional violation. *See Estelle*, 429 U.S. at 105-06. Further, Hall argues that "x-rays do not pick up non-broken injuries." However, undisputed testimony from Nurse Porter revealed that Hall received an MRI, which detected no signs of serious injury. Finally, Hall repeatedly argues that the length of delay between his injury and his receipt of medication evinces deliberate indifference by jail administrators to his serious medical needs. (Doc. 54, pg. 2). The

Court notes that some delay may have occurred in Hall's receipt of pain medication. The record before the Court reveals, however, that Hall did receive prescription strength pain reliever, Ibuprofen 600 mg., while incarcerated at Miller County Jail, and that Hall was found to have a bag full of Tylenol and Ibuprofen pills when jailers conducted a shakedown.

Accordingly, the Court agrees with Judge Shepherd that Hall cannot satisfy the legal prerequisites for an action for inadequate medical treatment. The result is that Hall's claim against Jeff Black and Nurse Terry Porter fails as a matter of law, and Defendants are entitled to an entry of summary judgment in their favor.

## CONCLUSION

For the above-stated reasons, Defendant's Motion for Summary Judgment should be and hereby is **GRANTED**. Judgment will be entered in favor of Jeff Black and Terry Porter, and this action will be **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 17th day of October, 2006.

        /s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge